PAINE *v.* WILEMON, et al.

Oct. 5, 1953

No. 38752 37 Adv. S. 29 67 So. 2d 289

*Harmon W. Broom,* Jackson, for appellant.

*C. R. Bolton,* Tupelo, for appellee.

McGEHEE, C. J.

The record in the above styled cause was filed with the Clerk of this Court on October 4, 1952, and the case was thereafter set for hearing April 20, 1953. Thus, ample time intervened for the filing of an assignment of error and a brief by the appellant for at least thirty days

prior to the date on which the case was set for hearing, as required by the rules of this Court. Nothing was filed on behalf of the appellant since the attorneys who tried the case at Tupelo, Mississippi, were no longer representing the appellant in the cause.

It appears that at the time the cause was continued from April 20, 1953, to September 15, 1953, the appellant had been contacted by telephone and he was then undecided as to what attorney he would employ to prosecute the appeal. He had ample time within which to secure the services of an attorney far enough in advance to get his assignment of error and brief filed at least thirty days prior to September 15, 1953, on which date the case had been set for hearing during the preceding April. There is some intimation that the appellant had sought last Spring to engage the services of a Jackson attorney other than the attorney who has filed the motion to reinstate the case on the docket for hearing, but we are not advised as to when the appellant first learned that the former Jackson attorney would not prosecute the appeal. He did not employ the attorney who now represents him in the filing of the motion to reinstate until the day before the appeal was dismissed for want of prosecution. The attorney presently representing the appellant did not appear in the courtroom on September 15, 1953, to request further time within which to file an assignment of error and brief on the ground of his belated employment, and the appeal was therefore dismissed.

 This motion to reinstate, which is signed and sworn to by the attorney who filed the same, does not disclose that the failure of the appellant to have an assignment of error and brief filed at least thirty days before September 15, 1953, was without fault on his part. We have no statement from the appellant, sworn to or otherwise, as to when he first learned that he would not be represented on the appeal by either of the attorneys whom he had consulted prior to the employment of his present

attorney. The motion and affidavit thereto is signed by the attorney for the appellant under the authority of Section 1661, Code of 1942, which is permissible, but the difficulty with the motion is that it fails to assign any sufficient reason as to why the appeal should not have been dismissed on September 15, 1953, as was done.

Motion overruled.

*Lee, Kyle, Holmes* and *Lotterhos, JJ.*, concur.